TOMPKINS OYER AND TERMINER.    August, 1857.    Before *Balcom*, Justice of the Supreme Court, and *H. Jennings* and *C. Burch*, Justices of the Sessions.

## THE PEOPLE *v.* WILLIAM MASTERS.

Under the statutes of the State of New-York, the people are entitled to two peremptory challenges. (*a*)  (This decision is in accordance with *The People* v. *Caniff*, 2 *Park. Cr. R.*, 586; and adverse to *The People* v. *Henries*, 1 *Park. Cr. R.*, 579.)

THE prisoner was tried on an indictment which charged him with killing Timothy Raudon, at Ithaca, on the 5th day of November, 1854, without the authority of law, by poison called arsenic.

One Scott was called as a juror, and was challenged peremptorily by the district attorney; whereupon the prisoner's counsel objected, and insisted that the district attorney was not entitled to challenge any juror peremptorily; but the court, after deliberating upon the question, by Balcom, J., overruled the objection, and held that the district attorney had the right peremptorily to challenge two of the persons drawn as jurors for the trial of the prisoner. (*Laws of* 1847, *ch.* 134, § 1; 2 *R. S.*, 734, § 11.)

This decision is sustained by the adjudications in *The Waterford and Whitehall Turnpike Company* v. *The People* (9 *Barb.*, 161); *The People* v. *Caniff* (2 *Park. Cr. R.*, 586); and it is adverse to the case of *The People* v. *Henries* (1 *Park. Cr. R.*, 579), also to that of *The People* v. *Aichinson* (7 *How. Pr. R.*, 241).

Scott was rejected as a juror. One Sullivan was also challenged peremptorily by the district attorney, and he was not allowed to sit as a juror.

The prisoner was acquitted by the jury.

(*a*) By chapter three hundred and thirty-two of Session Laws of 1858, five peremptory challenges are given to the people, in cases punishable by death or by imprisonment in a state prison for ten years or over, and three peremptory challenges where the punishment is less than ten years.